## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shaheen Cabbagestalk, # 295567, ) | |
| ) | No. 5:14-cv-4690-RMG |
| Petitioner, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| Warden, J. McFadden, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 9), recommending that Defendant's habeas petition be dismissed without prejudice because he has presently pending another habeas petition challenging his 2007 conviction. Petitioner has filed an objection to the R & R contending that this petition asserts a claim that his armed robbery conviction is a debt and he seeks the right to discharge that debt. (Dkt. No. 11).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those portions of the R & R to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b).

Petitioner has filed a previous § 2254 petition that is pending. Plaintiff does not have the right to file a second habeas petition seeking to challenge the same criminal conviction and sentence. The Court has reviewed the Petitioner's filings and the R & R, and concludes that the Magistrate Judge correctly applied the relevant law to the operative facts in this matter. Therefore, the Court **ADOPTS** in full the Magistrate Judge's Report and Recommendation (Dkt. No. 9) as the order of this Court. Accordingly, Petitioner's habeas petitions is **DISMISSED** without prejudice.

## Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is DENIED.

**IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

-2-

January 16, 2015
Charleston, South Carolina